### ALEXANDER v. FIDELITY TRUST CO.

(District Court, E. D. Pennsylvania. February 17, 1919.)

#### No. 985.

Appeal and Error ⟨Key⟩1214—Reversal—Proceedings After Remand.

A District Court. on a hearing upon an accounting directed by mandate of the Circuit Court of Appeals, cannot consider evidence which was before it on the former hearing for the purpose of drawing a legal conclusion now urged by defendant for the first time.

In Equity. Suit by John S. Alexander to the use of Archibald A. Alexander against the Fidelity Trust Company, executor and trustee of the will of John Alexander, deceased. Hearing on accounting.

See, also, 238 Fed. 938.

M. Hampton Todd, of Philadelphia, Pa., for plaintiff.
H. Gordon McCouch, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The question whether John Alexander had paid his son John S. Alexander during his lifetime the amount of his interest in the Underwood mortgage was one of the issues fought out when the case was originally in this court, and that question has been decided by the Circuit Court of Appeals (249 Fed. 1, 161 C. C. A. 61) against the defendant. The defense of the statute of limitations was also one of the issues when the case was here before. The court is now asked to draw the legal conclusion of "repudiation of any liability to account," together with notice of repudiation through John S. Alexander's knowledge of the contents of his father's will of 1891, and the bar of the statute.

The evidence of notice of the will of 1891 was before the court at the former hearings included in the record of the orphans' court pro-

ceedings then introduced in evidence. The defendant is now calling attention to evidence of notice which it did not assert as a ground of defense when it had full opportunity to do so, both in this court and in the appellate court. In fact, all of the evidence introduced by the defendant at this hearing is subject to the same criticism, with the exception of John S. Alexander's admission of indebtedness in the record of the other suit in this court, and the evidence in the deposition of Lucien H. Alexander, which have no bearing upon the question of notice of repudiation. The court, upon hearing on an accounting in accordance with the mandate of the Circuit Court of Appeals, cannot consider evidence before it on the former hearings for the purpose of drawing legal conclusions which the defendant could have urged then as well as now. Upon conclusions to be drawn from that evidence, the defendant has had its day in court.

Assuming, however, that the evidence should now be considered, does it justify the conclusion which is claimed for it by the defendant? If notice to the plaintiff of the declaration of John Alexander in his will is a defense, it must be because the plaintiff was bound to assert the contrary and take some action to establish his rights. If the declaration had been communicated by his father to him orally and he did not deny it, nor take any action, it would seem to be conclusive against him, at least as an implied admission that he had been paid. If it had been communicated by his father to him in writing, his failure to assert his rights would have less weight, varying with the circumstances under which the declaration was made. But under the evidence there was no notice given by his father to him. The copy of the will was clandestinely obtained by Mary C. Alexander and sent to him without his father's knowledge. The circumstances were not such as to prompt the son to deny the father's declaration, made in a will of which the son was supposed to have no knowledge. Moreover, John S. Alexander was not in a position to demand an accounting, or to bring a suit for an accounting, for, under the terms of the Jones trust, his father was at liberty to withhold distribution until his death, and a suit for an accounting in his lifetime would have been futile. Moreover, the terms of the declaration in the will of 1901 do not bear the construction of a repudiation of the trust, but only of a claim of payment, and the defense of payment is foreclosed by the decision of the Circuit Court of Appeals.

The admission of the plaintiff that he was indebted to his father's estate in the sum of $50,000, the statements of his individual accounts with his father, the evidence that John S. Alexander did not mention the Jones estate to Lucien H. Alexander, raise no questions that have not been previously considered, and their effect determined.

The circumstances stated in the letter of February 22, 1894, from plaintiff's counsel to Lucien H. Alexander, are claimed by the defendant to show that the plaintiff, being in difficulties which caused him to need immediate financial assistance, did not make any claim upon his father for his interest in the Underwood mortgage, and on that ground it is offered as evidence among other circumstances to show that he had no rightful interest in that fund. While dire need of money

might have prompted him to turn to his father for assistance, since it is not shown that he did not receive financial assistance from other sources, the effect of the testimony is of no consequence.

The defendant, through the deposition of Lucien H. Alexander, attempted to prove the contents of a letter written by John to his father containing a statement "As I have already received my share of my grandfather Jones' estate," or "as I have probably received." The witness failed to satisfy the court that proper effort had been made to produce the original of this letter. The witness, although in court upon the original hearing, claimed, upon the ground of having no record notice, the right of a reargument in the Circuit Court of Appeals, which was granted, and at the hearing upon the accounting he was represented by counsel as a party in interest. It appears that no search was made for the letter, and the statements regarding the difficulties of a search appear somewhat exaggerated. I am not convinced that, if the letter is in existence, its production is impossible, or so impracticable as to justify parol evidence of its contents in the absence of any effort to produce it. The testimony as to its date being between 1880 and 1890 is vague and indefinite. Under the circumstances, it is held that the contents of the alleged letter have not been satisfactorily or properly proved.

The competency of John S. Alexander as a witness was attacked upon the ground of interest. It is contended by counsel that his assignment of his interest made him competent. It does not seem necessary to pass upon that ground of removal of his incompetency. John S. Alexander was called by the defendant as for cross-examination at the hearings before the special master upon an accounting for the share of Archibald A. Alexander in the trust. In the present accounting Archibald A. Alexander is the use plaintiff, and therefore the real party in interest. John S. Alexander, having been called as for cross-examination against the interest of Archibald A. Alexander before the special master, is therefore, on account of Archibald A. Alexander's interest in the present accounting, made competent under section 7 of the act of 1887 (P. L. 160), which provides:

"And the adverse party calling such witnesses shall not be concluded by his testimony, but such person so cross-examined shall become thereby a fully competent witness for the other party as to all relevant matters, whether or not these matters were touched upon in his cross-examination."

His testimony that no settlement had taken place between him and his father for the Underwood mortgage is, therefore, entitled to consideration as evidence in aid of the presumption already held to exist that he has not been paid, but not necessary to rebut the defense now under consideration.

### Rulings on Requests for Findings.

### Plaintiff's Requests for Findings.

(1) That the plaintiff was entitled to a one-third interest in the Underwood mortgage of $3,000, and that neither John Alexander in his

lifetime nor the defendant since his death have paid the same or any part thereof.

It is so found.

(2) That there is due and payable by the defendant to the plaintiff the sum of $1,000, being one-third of the said Underwood mortgage, together with 6 per cent. interest thereon from March 27, 1868, to February 27, 1895, compounded annually, and amounting to the sum of $4,799.60, together with interest on this sum from February 27, 1895, to the date of decree.

It is so found.

### Defendant's Requests for Findings of Fact.

(1) That on or about the 7th day of February, 1893, John S. Alexander received from his sister, Mary C. Alexander, a copy of the will, executed by their father, dated the 26th day of June, 1891, offered in evidence on behalf of complainant (see record, page 71), the fourth paragraph of which will be found in the printed record at page 116, the last words of which read:

"As my devoted son, John S., has years ago received from me the bequest from his grandfather's estate, and has also been released from certain cash liabilities by me, as stated in his account on page 132 of my Ledger A, and in view of their greater need and of his larger experience and acquirements of property, I assume his generous sonship and brotherhood to sustain me in bequeathing to my other children liberally in this item of my will."

It is so found.

(2) That the evidence fails to show that during the conferences between John S. Alexander and his father, with a view to having accounts between them settled, any claim was ever made on the part of John S. Alexander of any moneys due him by his father under the Jones trust.

It is so found.

(3) While the evidence shows that in February, 1894, John S. Alexander was in danger of criminal prosecution and his father and brother were appealed to by his counsel for help, there is no evidence of any reference being made to any moneys being due John S. Alexander from the Jones trust.

It is so found.

(4) It is a fact that by his own admission John S. Alexander was indebted to his father at the time of the latter's death in the sum of $50,000.

It is so found.

(5) The records of this court show that the suit brought by the Security Trust Company, as trustee, for an accounting on behalf of John S. Alexander against the Fidelity Trust Company, was begun on the 23d day of January, 1900 (Circuit Court of United States, Eastern District of Pennsylvania, No. 29, In Equity, of October Session, 1899).

It is so found.

(6) That there is no evidence of any other action having been brought for an accounting under said trust, until the bill filed in the present case.

It is so found.

### Defendant's Requests for Conclusions of Law.

(1) That John S. Alexander having received a copy of his father's will of 1891, in which the testator declared that he had paid him in full all that he was entitled to receive from his grandfather's estate, it was incumbent upon him then to assert his claim, and not having done so within six years thereafter, it is barred by the statute of limitations (Goodno v. Hotchkiss [D. C.] 237 Fed. 686 at page 700), and therefore the bill should be dismissed.

This request is declined.

(2) Under all the evidence in the case the chancellor finds that there had been a settlement by John Alexander with his son, John S. Alexander, for the interest of the latter in the Jones trust, and therefore the bill should be dismissed.

This request is declined.

It is conceded that the amount for which the defendant as executor and trustee is liable, if the plaintiff is entitled to recover, is $1,000, with interest from March 28, 1868, to the date of John Alexander's death, February 27, 1895; that with compound interest this amount is $4,799.60 and with simple interest $2,615.

A decree will be entered in favor of the plaintiff for the sum of $4,799.60, being the one-third interest of John S. Alexander in the Underwood mortgage, $1,000, with compound interest from March 27, 1868, to February 27, 1895, together with interest upon the said sum at 6 per cent. to the date of decree.